James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
A. RAHMAN CHALAK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| A. RAHMAN CHALAK, an individual, | Case No. |
| Plaintiff, | |
| v. | COMPLAINT |
| ABC LEGAL SERVICES, INC., a Washington corporation; MARIO PENA, individually and in his official capacity; NELSON & KENNARD, a General Partnership, ROBERT SCOTT KENNARD, individually and in his official capacity, DISCOVER BANK, a Delaware state chartered bank, and DOES 1 through 10, inclusive, | DEMAND FOR JURY TRIAL

15 United States Code § 1692 *et seq*. California Civil Code § 1788 *et seq*. |
| Defendants. | |
| _____/ | |

Plaintiff, A. RAHMAN CHALAK, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiff or her attorney (which are alleged on personal knowledge), hereby makes the following allegations:

<u>INTRODUCTION</u>

1. The Defendants in this case are process servers and debt collectors who, in an attempt to collect a debt, filed a false proof of service in a state court action.

2. This is an action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*. ("RFDCPA") for actual damages, statutory damages, attorney fees and costs brought by an individual consumer against process servers who engage in "sewer service."[1]

3. While faithful process servers are exempted from the definition of "debt collector" under the FDCPA when they are in fact serving or attempting to serve legal process, when someone who would otherwise qualify for the exemption goes beyond being merely being a messenger in serving process and engages in prohibited abusive or harassing activities to force an individual to repay a debt, the exemption no longer applies and the process server is subject to FDCPA liability.[2]

4. Therefore, the Defendants in this case - process servers that failed to serve court process entrusted to them and instead provide a perjured *Proof of Service of Summons* - are removed from the FDCPA's process server exemption.[3]

## JURISDICTION

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

---

[1] As explained in *Richardson v. Alliance Tire & Rubber Co.*, 158 F.R.D. 475 (D. Kan. 1994), the term "sewer service" originated in jurisdictions in which process could be served by professional process servers rather than public officials, and derived from those process servers [who] once followed a practice of disposing of process given to them to serve (e.g., by throwing it down a sewer) and then falsely returning that they had duly served it." *Id.* at 480 n.5 (quoting 1 Robert C. Casad, Jurisdiction in Civil Actions § 3.01[7][d] (2d ed. 1991)).

[2] *Sykes v. Mel Harris & Assocs., LLC*, 757 F. Supp. 2d 413, 423 (S.D.N.Y. 2010), citing *Flamm v. Sarner & Assocs., P.C.*, 2002 U.S. Dist. LEXIS 22255, 2002 WL 31618443, *5 (E.D. Pa. Nov. 2002)

[3] *Freeman v. ABC Legal Services, Inc.*, 827 F. Supp. 2d 1065, 1074 (N.D. Cal. 2011)

6. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

<u>VENUE</u>

7. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

<u>INTRADISTRICT ASSIGNMENT</u>

8. This lawsuit should be assigned to the San Francisco/Oakland Division of this Court because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

<u>PARTIES</u>

9. Plaintiff A. RAHMAN CHALAK ("Plaintiff") is a natural person residing in San Francisco County, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of Cal. Civil Code § 1788.2(h).

10. Defendant ABC LEGAL SERVICES, INC. ("ABC") is a California corporation engaged in the business of composing and selling forms, documents and other collection media used or intended to be used for debt collection. ABC's principal place of business is located at 633 Yesler Way, Seattle, WA 98104. ABC may be served at the address of its Agent for Service of Process which plaintiff is informed, believes and thereon alleges is: ABC Legal Services, Inc., c/o National Registered Agents, Inc., 818 West Seventh St., Los Angeles CA 90017. Plaintiff is informed, believes and thereon alleges, that ABC is a corporation subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360. ABC is regularly engaged in the business of indirectly collecting consumer debts and assisting other debt collectors to file and maintain civil debt collection lawsuits

and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. ABC regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. ABC is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). ABC is not subject to the exception of 15 U.S.C. § 1692a(6)(D). ABC is vicariously liable to Plaintiff for the acts of MARIO PENA.

11. Defendant MARIO PENA ("PENA") is a natural person and is or was an employee and/or agent of ABC at all relevant times. PENA is in the business of composing and selling of forms, documents and other collection media used or intended to be used for debt collection. Plaintiff is informed, believes and thereon alleges that PENA is an individual subject to the registration and other provisions found in Cal. Bus. & Prof. Code §§ 22350-22360. PENA may be served at his current address in the State of California which is not known at this time. PENA is regularly engaged in the business of indirectly collecting consumer debts by assisting the other debt collectors to file and maintain civil debt collection lawsuits and to obtain default judgments in those cases by utilizing the U.S. Mail, telephone and internet. PENA regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. PENA is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c). PENA is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

12. Defendant NELSON & KENNARD (N&K) is a General Partnership engaged in the business of collecting debts in this State with its principal place of business located in California at Nelson & Kennard, c/o Robert Scott Kennard, General Partner, 2180 Harvard Street, Suite 160, Sacramento, California 95815. N&K may be served at its business address by serving Robert Scott Kennard, General Partner. The principal purpose of N&K's business is the collection of consumer debts due or alleged to be due to another. N&K is engaged in the

business of collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. N&K regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. N&K is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

13. Defendant ROBERT SCOTT KENNARD (KENNARD) is a natural person and licensed attorney in the State of California and is or was a general partner, director, employee and/or agent of N&K at all relevant times. KENNARD may be served at his current business address which is Nelson & Kennard, 2180 Harvard Street, Suite 160, Sacramento, California 95815. The principal purpose of KENNARD's business is the collection of consumer debts due or alleged to be due to another. KENNARD is engaged in the business of collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. KENNARD regularly collects, directly or indirectly, consumer debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. KENNARD is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

14. Defendant DISCOVER BANK (DISCOVER) is a Delaware state chartered bank engaged in the business of collecting debts in this State with its principal place of business located in Ilinois at 2500 Lake Cook Road, Riverwoods, Illinois, 60015. DISCOVER may be served by serving its Registered Agent for Service of Process which is: Discover Bank c/o C T Corporation System, Inc., 818 Seventh Street, Suite 930, Los Angeles, California 90017. DISCOVER is engaged in the business of collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. DISCOVER regularly collects, directly or indirectly,

consumer debts via U.S. Mail, telephone, internet, and civil debt collection lawsuits. DISCOVER is a "debt collector" within the meaning of Cal. Civil Code § 1788.2(c). DISCOVER is vicariously liable to plaintiff for the acts of N&K and KENNARD.[4]

15. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these Doe Defendants with their true names when they are discovered by Plaintiff.

16. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including San Francisco County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

17. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein

---

[4]   See, *Fox v. Citicorp Credit Servs.*, 15 F.3d 1507, 1516 (9th Cir. 1994) ("[W]e must conclude that Congress intended the actions of an attorney to be imputed to the client on whose behalf they are taken") and *Martinez v. Albuquerque Collection Servs.*, 867 F. Supp. 1495, 1502 (D. N.M. 1994) ("Debt collectors employing attorneys or other agents to carry out debt collection practices that violate the FDCPA are vicariously liable for their agent's conduct").

alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

18. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

19. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

20. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each Defendant was the co-conspirator, agent, servant, employee, assignee and/or joint venturer of each of the other Defendants and was acting within the course and scope of said conspiracy, agency, employment, assignment and/or joint venture and with the permission and consent of each of the other Defendants.

21. Whenever reference is made in this Complaint to any act of any corporate or other business Defendant, that reference shall mean that the corporation or other business did the acts alleged in this Complaint through its officers, directors, employees, agents and/or representatives while they were acting within the actual or ostensible scope of their authority.

22. At all relevant times alleged in this Complaint, each Defendant has committed the acts, caused others to commit the acts, ratified the commission of the acts, or permitted others to commit the acts alleged in this Complaint and has made, caused, ratified, or permitted others to make, the untrue or misleading

statements alleged in this Complaint. Whenever reference is made in this Complaint to any act of Defendants, such allegation shall mean that each Defendant acted individually and jointly with the other Defendants.

<u>JOINT VENTURE</u>

23. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants, and each of them, combined their property, skill or knowledge to carry out a single business undertaking and agreed to share the control, profits and losses.

24. Specifically, Plaintiff is informed, believes and thereon alleges, that:

a. ABC is engaged in the businesses of manufacturing and selling process server returns and other debt collection related activities in the State of California. Through the use of the U.S. Mail, telephone and the internet, ABC advertises and markets process service and other legal support services to attorneys, law firms, debt collectors, government agencies and the general public. ABC provides the telephones, facsimile machines, computers, software and other equipment, support staff and facilities used by PENA and the enterprise for their process server return manufacturing activities. ABC composes the process server returns sold by the enterprise using its own computer systems and the data which is input into its computer systems via its websites by its customers, like Nelson & Kennard, and its process server agents, like PENA. ABC also acts as the public face for the enterprise through its advertising, marketing, customer support and customer billing for the enterprise's services. ABC provided PENA and the enterprise with its address and the marketing, customer billing, computers and other support infrastructure that was needed to manufacture and sell the *Proofs of Service of Summons* to N&K for use in the state court lawsuit against Plaintiff. ABC provides advertising, marketing, address and its support staff, equipment and facilities to the enterprise and in return receives a share of the profits realized by the

enterprise from their process server return manufacturing activities. Notwithstanding its use of ABC's address and telephone number on the process server returns manufactured and sold by the enterprise, Plaintiff is informed, believes and thereon alleges that ABC will not accept service of process for PENA or any of its other process server agents, thereby acting as a litigation shield should one of its process server agents be sued for their unlawful activities.

b. PENA was allegedly registered as a process server in San Francisco County with process server number 2013-0001280 during June 2014. PENA lent his name, facsimile signature and the apparent legitimacy of his process server registration number to the enterprise for use on the *Proof of Service of Summons* (Exhibit 1) that was manufactured and sold to N&K and used in the state court lawsuit against Plaintiff. Without PENA and others holding themselves out as registered process servers and the apparent legitimacy of their registration numbers, ABC could not market and sell process server returns like the *Proofs of Service of Summons* that were manufactured and sold to N&K for use in the state court case against Plaintiff. PENA and other alleged registered process servers provide the facial legitimacy of their purported process server registrations to the enterprise and in return receive a share of the profits realized by the enterprise from their process server return manufacturing activities.

25. Plaintiff is informed, believes and thereon alleges, that process server services are an integral part of ABC's business and that ABC could not offer such services without its process server agents, like PENA.

<u>AIDING AND ABETTING</u>

26. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ABC aided and abetted the fraud, perjury, breach of official duty and other wrongful acts committed by PENA.

27. Plaintiff is informed, believes and thereon alleges, that ABC marketed its *Proof of Service of Summons* product to law firms, debt collectors, government

agencies and the general public, including N&K, as a legitimate and lawful service. Plaintiff is informed, believes and thereon alleges, that ABC represented or implied in its advertising, marketing and other materials that ABC would ensure that the official court process entrusted to it would be duly, faithfully and lawfully served and delivered to lawsuit defendants, including the Plaintiff.

28. Plaintiff is informed, believes and thereon alleges, that instead of duly, faithfully and lawfully delivering and serving the official court process entrusted to it, ABC enlisted PENA and other process server agents to manufacture process server returns - like the *Proof of Service of Summons* that was sold to N&K and used in the state court lawsuit against the Plaintiff in this case.

29. Plaintiff is informed, believes and thereon alleges, that ABC authorizes, uses, and ratifies the use of its address and telephone number on process server returns manufactured and sold by the enterprise with the intent to shield its process server agents, like PENA, from service of process should they be sued for their unlawful activities. Notwithstanding its use of ABC's address and telephone number on the process server returns manufactured and sold by the enterprise, plaintiff is informed and believes and thereon alleges that ABC will not accept service of process for PENA or any of its other process server agents when service of process is attempted at the address provided on their *Proof of Service of Summons* documents.

30. Plaintiff is informed, believes and thereon alleges, that ABC maintains digital facsimile signatures of its process server agents, including PENA, within its computer systems. ABC uses these digital facsimile signatures in its process server return manufacturing activities. By its use of digital facsimile signatures, ABC is able to efficiently manufacture process server returns which facially appear to have been signed by its process server agents, but which were never actually signed under penalty of perjury as required by California law.

31. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ABC knew that fraud, perjury, breach of official duty and other wrongful acts were being committed by PENA against the Plaintiff and others. In fact, ABC gave substantial assistance and encouragement to PENA by producing fully completed *Proof of Service of Summons* documents which contain PENA's facsimile signature and ABC's address and telephone number instead of PENA's address and telephone number. Plaintiff is informed, believes and thereon alleges, that neither PENA or any of ABC's other process server agents actually sign the completed *Proof of Service of Summons* documents sold by ABC.

32. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, ABC effectively controlled its process server agents, including PENA, by *inter alia*:

a. choosing which assignments each process server agent will receive (i.e., controlling the work which must be performed by a specific individual);

b. requiring personal performance of the tasks assigned to its process server agents (i.e., controlling the work which must be performed by a specific individual);

c. forbidding or severely restricting its process server agents' ability to substitute or assign their performance of the assigned tasks (i.e., controlling the work which must be performed by a specific individual);

d. requiring the use of GPS tracking devices for its process server agents (i.e., controlling the tools and equipment which must be used to perform the assigned tasks);

e. requiring detailed real-time reporting to ABC of all service attempts made by its process server agents (i.e., controlling the manner in which the assigned tasks are performed and requiring regular written reports);

f. requiring the use of ABC's computer systems and software for the performance of its process server agents' assigned duties (i.e., controlling what

tools and equipment must be used to perform the assigned tasks and the manner in which the assigned tasks are performed); and

g. requiring its process server agents to maintain specified minimum automobile liability insurance and professional liability insurance coverage, that ABC be named as an additional insured in all such insurance policies, and requiring immediate notification from its process server agents should said insurance policies be canceled or not renewed (i.e., controlling business practices and decisions).

33. Through the use of the GPS tracking devices all ABC process server agents are required to carry and the real-time reporting and tracking data that these devices provide, ABC is able to track in real-time the movements of all its process server agents.

34. ABC's conduct was a substantial factor in causing the harm to Plaintiff. ABC should be held responsible as an aider and abettor for the fraud, breach of official duty and other wrongful acts committed by PENA against the Plaintiff.

## RATIFICATION

35. Plaintiff is informed, believes and thereon alleges, that ABC is responsible for the harm caused by PENA's unlawful conduct because ABC approved PENA's unlawful conduct after it occurred.

36. Plaintiff is informed, believes and thereon alleges, that PENA intended to act on behalf of ABC when he provided ABC with a digital facsimile of his signature with the knowledge that ABC would use his digital signature on process server returns.

37. Plaintiff is informed, believes and thereon alleges, that PENA intended to act on behalf of ABC when he accepted the assignment from ABC to serve the state court process on Plaintiff.

38. Plaintiff is informed, believes and thereon alleges, that PENA intended to act on behalf of ABC when he subsequently failed to serve the state court process on Plaintiff that had been entrusted to him and instead provided false and fraudulent information to ABC regarding the completion of his assignment.

39. Plaintiff is informed, believes and thereon alleges, that ABC learned of PENA's failure to faithfully serve the state court process that ABC had entrusted to him after it occurred.

40. Plaintiff is informed, believes and thereon alleges, that ABC approved PENA's unlawful conduct by voluntarily keeping the benefits of PENA's unlawful conduct after learning of the conduct.

41. Plaintiff is informed, believes and thereon alleges, that ABC approved PENA's unlawful conduct as alleged in this case by continuing to employ PENA and continuing to assign process server assignments to PENA after learning that PENA had engaged in sewer service.

42. As a result of ABC's ratification of PENA's unlawful conduct, ABC is liable to Plaintiff for all damages alleged in this case.

<u>NONDELEGABLE DUTY</u>

43. California Business and Professions Code § 22356 provides as follows: A registrant shall be responsible at all times for the good conduct of his or her employees acting within the course or scope of their employment, and any person acting as an independent contractor within the course or scope of the agency relationship with the registrant.

44. By enacting this statute, the California legislature sought to implement specific safeguards for the general public to insure that process server agencies like ABC faithfully and honestly carry out their responsibilities to the courts of California and to the general public.

45. Plaintiff is informed, believes and thereon alleges, that PENA was acting within the course and scope of his agency relationship with ABC at all times alleged in this Complaint.

46. ABC had a nondelegable duty to Plaintiff to ensure that the state court process entrusted to it was faithfully served on Plaintiff and that its agents did not engage in sewer service.

47. Because ABC could not delegate to PENA its duty to faithfully and honestly serve Plaintiff with the state court process entrusted to it, ABC is liable to Plaintiff for all damages alleged in this case.

<u>FACTUAL ALLEGATIONS</u>

48. On a date or dates unknown to Plaintiff, Plaintiff is alleged to have incurred a financial obligation, namely a consumer credit account ("the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

49. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, the alleged debt was consigned, placed or otherwise assigned to N&K for collection from Plaintiff.

50. Plaintiff is informed and believes, and thereon alleges that on or about August 9, 2013, N&K prepared a lawsuit against Plaintiff to be filed in the Superior Court for the City and County of San Francisco, captioned *Discover Bank v. A. Rahman Chalak, et al.*, ("the state court action"), in an attempt to collect the alleged debt.

51. Plaintiff is informed and believes, and thereon alleges that defendants caused the lawsuit to be filed with the Clerk of the Superior Court and summons was issued on September 17, 2013. The state court action was assigned case number CGC-13-534272.

52. Plaintiff is informed and believes, and thereon alleges that on or about June 23, 2014, Defendants composed a document entitled *Proof of Service of Summons* in which Defendants represented, under penalty of perjury, that PENA had served Plaintiff, by substitute service, with a copy of the Summons, Complaint, Civil Case Cover Sheet and Declaration re Venue in the state court action on June 21, 2014, at 3:22 p.m. Thereafter, defendants caused the *Proof of Service of Summons* to be filed with the Clerk of the Superior Court in the state court action on June 30, 2014. A true and correct copy of the *Proof of Service of Summons* filed in the state court action is attached hereto, marked as Exhibit 1 and by this reference is incorporated herein.

53. Despite the representations made by Defendants in their *Proof of Service of Summons* (Exhibit 1), Plaintiff was not served with a copy of the Summons and Complaint in the state court action. The *Proof of Service of Summons* document composed by ABC appears facially valid. Indeed, ABC's very purpose is to pass facial review, hoping the fraud goes undetected by the court system so that default will be entered when an unsuspecting consumer fails to file a written response with the clerk's office.

54. Plaintiff is informed and believes, and thereon alleges that the address used on the *Proof of Service of Summons* (Exhibit 1), (i.e., 304 12th St., Suite 4A, Oakland CA 94607) is the business address of ABC and not the address of PENA as represented in the document.

55. Plaintiff is informed and believes, and thereon alleges that Defendants, acting together, knowingly and willfully composed and sold N&K the *Proof of Service of Summons* (Exhibit 1) containing false statements regarding their service of process in the state court action.

56. According to the *Proof of Service of Summons* (Exhibit 1), Defendants, acting together, sold the process server return to N&K for $69.50.

57. However, despite the representations made by Defendants in their *Proof of Service of Summons* (Exhibit 1), Plaintiff was not served with a copy of the Summons and Complaint in the state court action.

58. Sometime after June 30, 2014, Plaintiff learned that a proof of service had been filed indicating that Plaintiff had been served by substitute service at 538 36th Avenue, an address in San Francisco where Plaintiff never resided.

59. The *Proof of Service of Summons* (Exhibit 1) is false because Plaintiff is informed and believes, and thereon alleges, that "Ernast Rabetisian" did not "accept service" on behalf of Plaintiff as is stated in paragraph 5.b. of the *Proof of Service of Summons* (Exhibit 1). In addition, Plaintiff is informed and believes, and thereon alleges, that PENA did not confirm with "Ernast Rabetisian" that 538 36th Avenue was Plaintiff's dwelling house or usual place of abode, as is stated in paragraph 5.b.(2) of the *Proof of Service of Summons* (Exhibit 1). Finally, Plaintiff is informed and believes, and thereon alleges, that PENA did not mail the summons and complaint from La Mirada, California, as is stated in paragraph 5.b.(4) of the *Proof of Service of Summons* (Exhibit 1).

60. Plaintiff is informed and believes, and thereon alleges, that defendants did not perform a due search and a careful inquiry to determine that 538 36th Avenue was the dwelling house or usual place of abode of Plaintiff. Instead, defendants chose the address of 538 36th Avenue because it is a building owned by someone with the last name as Plaintiff and as a result there would appear to be a plausible connection to Plaintiff.

61. Plaintiff is informed and believes, and thereon alleges, that defendants N&K, KENNARD and DISCOVER sent defendants ABC and PENA to serve plaintiff at 538 36th Avenue in order to obtain a signed proof of service because N&K's former process server, Nationwide Legal File & Serve, Inc., had been unable to produce a completed return of service months earlier by attempting to serve Plaintiff at 826 Monterey Avenue, San Francisco, California.

62. Plaintiff is informed and believes, and thereon alleges, that defendants knowingly and willingly conspired and agreed among themselves to obtain a signed proof of service by any means necessary, preferably by leaving the summons and complaint with any person near or around the building at 538 36th Avenue, although they did not believe that Plaintiff actually resided at the property.

63. Defendants ABC and PENA did the acts and things alleged pursuant to, and in furtherance of, the conspiracy and the above-alleged agreement.

64. Plaintiff is informed and believes that the last overt act in pursuance of the above described conspiracy occurred on or about June 30, 2014, on which date defendants ABC and PENA filed the *Proof of Service of Summons* (Exhibit 1).

65. Defendants' multiple acts of misconduct during the litigation, including attempting to collect a debt by means of judicial proceedings when plaintiff had not legally been served, are false, deceptive or misleading representations, and unfair or unconscionable means in connection with the collection of debt,[5] all of which amount to a continuing course of unlawful conduct which extended over a period of time.[6]

66. Some time after June 30, 2014, Plaintiff learned that the *Proof of Service of Summons* (Exhibit 1) had been filed and that defendants represented to the state court that Plaintiff had been served when in fact he was not. Plaintiff sought the advice of an attorney and was damaged in the form of incurring attorney fees and costs.

---

[5]   15 U.S.C. § 1692e, *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, 950-951, quoting *Heintz v. Jenkins* (1995) 514 U.S. 291, 294).

[6]
     *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal. App. 4th 324, 344.

67. As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages including costs and attorney fees in an amount to be determined at trial.[7]

### ABC's Business Practices

68. Plaintiff is informed and believes, and thereon alleges that ABC composes and sells process server returns, like the *Proof of Service of Summons* (Exhibit 1) in this case, on a flat rate or fixed fee basis. Plaintiff is informed and believes, and thereon alleges that ABC pays its process servers using a similar flat rate or fixed fee compensation system. Plaintiff is informed and believes, and thereon alleges that ABC will pay PENA and other process servers only for service attempts that are reported as completed and will pay substantially less or nothing at all for service that is not reported as completed. Because ABC's process servers are not paid for unsuccessful service attempts, process servers like PENA have a strong financial incentive to falsify process server returns. Plaintiff is informed and believes, and thereon alleges that ABC knowingly promotes the use of false process server returns through its flat rate or fixed fee compensation system.

69. Plaintiff is informed and believes, and thereon alleges that ABC charges substantially less than the published rates of many of its San Francisco Bay Area competitors for process server services. Plaintiff is informed and believes, and thereon alleges that ABC's lower market rates can only be achieved by use of a flat rate or fixed fee compensation system for its process servers. Such business practices create a race to the bottom by forcing competitors to lower the fees paid to their more scrupulous process servers or go out of business. The result of these anti-competitive business practices is more false process server returns from all process server agencies. Plaintiff is informed and believes, and thereon alleges that

---

[7] *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

ABC effectively sells sewer service, by underbidding the true costs of proper service.

70. Debt collection law firms benefit from the sewer service provided by unscrupulous process servers like the Defendants in this case. By not serving consumer debt defendants, debt collection firms are able to generate thousands of judgments by default on cases. Once default judgments are fraudulently obtained, they are used to levy consumers' bank accounts, garnish their wages, seize their property, damage their credit reports, and/or pressure them into unaffordable payment plans.

71. Plaintiff is informed and believes, and thereon alleges that Defendants' composition and sale of a perjured *Proof of Service of Summons* (Exhibit 1) violates California Code of Civil Procedure § 417.10.

72. Pursuant to California Evidence Code § 647, the return of a registered process server "establishes a presumption, affecting the burden of producing evidence, of the facts stated in the return." The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence. Defendants' composition and sale of a perjured process server return, like the *Proof of Service of Summons* (Exhibit 1) in this case, is facilitated and aided by the evidentiary presumption California law provides to faithful process servers. In fact, Defendants in this case are perversely protected by and rely on the extreme procedural and evidentiary burdens that are imposed on litigants who are the victims of sewer service. Such litigants are faced with the nearly impossible burden of providing strong and convincing evidence of non-service. Because a mere allegation that process was not served, without some additional showing of evidence, is insufficient to refute the validity of an affidavit of service, victims of sewer service, like Plaintiff in this case, are ultimately required to prove a negative; they must prove that an event never occurred and

their own sworn testimony of non-service is often not enough to meet their evidentiary burden. Because of this procedural and evidentiary imbalance, the unlawful conduct alleged in this Complaint is particularly reprehensible.

73. Plaintiff is informed and believes, and thereon alleges, that Defendants have composed and sold false and misleading *Proof of Service of Summons* documents in the form of Exhibit 1 more than 40 times in California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

CLAIMS

FAIR DEBT COLLECTION PRACTICES ACT

74. Plaintiff brings the first claim for relief against Defendants ABC, PENA, K&M and KENNARD under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

75. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

76. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

77. Defendant ABC is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

78. Defendant ABC is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

79. Defendant PENA is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

80. Defendant PENA is not subject to the exception of 15 U.S.C. § 1692a(6)(D).

81. Defendant K&M is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

82. Defendant KENNARD is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

83. The financial obligation sought to be collected from Plaintiff in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

84. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. Manufacturing and selling fraudulent *Proofs of Service of Summons* that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact he was not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts; and

c. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case.

85. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

86. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

<u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

87. Plaintiff brings the second claim for relief against Defendants ABC, PENA, K&M, and DISCOVER under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

88. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

89. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

90. Defendant ABC is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

91. Defendant PENA is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

92. Defendant K&M is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

93. Defendant DISCOVER is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

94. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

95. Defendants violated the RFDCPA, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendants' violations include, but are not limited to:

a. Manufacturing and selling fraudulent *Proofs of Service of Summons* that falsely stated that Plaintiff was personally served with a Summons and Complaint when in fact she was not;

b. Manufacturing and selling fraudulent, deceptive, and misleading statements and documents which are used in the collection of consumer debts; and

c. Aiding, abetting and ratifying the fraud, perjury, breach of official duty and other wrongful acts committed by the other Defendants in this case;

d. use of judicial proceedings to collect a consumer debt without service of process, including attempting to obtain and collect on a judgment, in violation of Civil Code § 1788.15(a).

96. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

97. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

98. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiff is entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Cal. Civil Code § 1788.30(b).

99. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

100. As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

101. Pursuant to Cal. Civil Code § 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

<u>REQUEST FOR RELIEF</u>

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a) and 1788.17;

d) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

e) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

f) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.30(b);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

h) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)) and 1788.30(c); and

i) Award Plaintiff such other and further relief as may be just and proper.

DATED: June 30, 2015                    ____/s/ James A. Michel_____
                                        JAMES A. MICHEL
                                        State Bar No. 184730
                                        2912 Diamond St #373
                                        San Francisco CA 94131
                                        Tel. # 415/ 239-4949
                                        Email: attyjmichel@gmail.com

                                        Attorney for Plaintiff
                                        A. RAHMAN CHALAK

<u>DEMAND FOR JURY TRIAL</u>

PLEASE TAKE NOTICE that Plaintiff A. RAHMAN CHALAK hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED: June 30, 2015                    ____/s/ James A. Michel_____
                                        JAMES A. MICHEL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit 1

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*:
Nelson & Kennard
2180 Harvard St. #160
Sacramento, CA 95815

   TELEPHONE NO.: 916-920-2295    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Discover Bank

**FOR COURT USE ONLY**

~~FILED~~
~~SAN FRANCISCO COUNTY~~
~~SUPERIOR COURT~~

14    JUN 30 AM 11: 23

CLERK OF THE COURT

BY: _____ DEPUTY

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
  STREET ADDRESS: 400 McAllister Street, Room 103
  MAILING ADDRESS:
  CITY AND ZIP CODE: San Francisco 94102
  BRANCH NAME: Civic Center Courthouse

| | |
|---|---|
| PLAINTIFF/PETITIONER: Discover Bank | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Chalak, A Rahman; DOES 1 to 10 | **CGC-13-534272** |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: **13-04237** |

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of *(specify documents)*:
   **Summons; Complaint; Civil Case Cover Sheet; VERIFICATION; DECLARATION PURSUANT TO CCP SECTION 395 (b) ; VENUE FOR PERSONAL, FAMILY OR HOUSEHOLD OBLIGATIONS; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET; Alternative Dispute Resolution (ADR) Packet**

3. a. Party served *(specify name of party as shown on documents served)*:
   **A Rahman Chalak**

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a )*:

4. Address where the party was served:
   **538 36th Ave, San Francisco, CA 94121-2808**

5. I served the party *(check proper box)*
   a. ☐ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*:     at *(time)*:

   b. ☒ **by substituted service.** On *(date)*: 06/21/2014 at *(time)*: 3:22 PM I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:
   Ernest Rabetsian, CO-RESIDENT, who accepted service, with identity confirmed by verbal communication, a black-haired Middle Eastern male approx. 35-45 years of age, 5'4"-5'6" tall and weighing 160-180 lbs with an accent. address confirmed.

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☒ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☒ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:
   from *(city)*:     or ☒ a declaration of mailing is attached.

      (5) ☒ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California POS-010 [Rev. January 1, 2007]

REF: 13-04237

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 3
Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: Discover Bank | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Chelik, A Rahman; DOES 1 to 10 | CGC-13-534272 |

c. ☐ by mail and acknowledgement of receipt of service. I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgement of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. ☐ by other means *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☒ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☐ On behalf of *(specify)*

    under the following Code of Civil Procedure section:

|   |   |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. Person who served papers

  a. Name:               **Mario Pena**
  b. Address:          **304 12th St, Suite 4A, Oakland, CA 94607**
  c. Telephone number:   **510-832-0701**
  d. The fee for service was:  **$ 69.50**
  e. I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☒ registered California process server:

      (i) ☐ owner ☐ employee ☒ independent contractor.   For:  **ABC Legal Services, Inc.**

      (ii) ☒ Registration No.: **2013-0001280**       Registration #: **6779**

      (iii) ☒ County:   **San Francisco**      County:  **Los Angeles**

BY FAX

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 6/25/2014

**Mario Pena**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)        (SIGNATURE)

POS-010 [Rev. January 1, 2007]                           Page 2 of 2

**PROOF OF SERVICE OF SUMMONS**         Tracking #: 0003389115

REF: 13-04237

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State, Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Nelson & Kennard<br>2180 Harvard St. #160<br>Sacramento, CA 95815<br><br>TELEPHONE NO.: 916-920-2295     FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Discover Bank | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO**
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civic Center Courthouse

| PLAINTIFF/PETITIONER: Discover Bank | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Chalak, A Rahman; DOES 1 to 10 | CGC-13-534272 |

| DECLARATION OF REASONABLE DILIGENCE | Ref. No. or File No.:<br>13-04237 |
|---|---|

Party to Serve:
**A Rahman Chalak**

Documents:
**Summons; Complaint; Civil Case Cover Sheet; VERIFICATION; DECLARATION PURSUANT TO CCP SECTION 395 (b) ;
VENUE FOR PERSONAL, FAMILY OR HOUSEHOLD OBLIGATIONS; ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKET; Alternative Dispute Resolution (ADR) Packet**

Service Address:
**536 36th Ave, San Francisco, CA 94121-2608**

I declare the following attempts were made to effect service by personal delivery:
**6/14/2014 11:15 AM: No answer at door, no noise inside, no movement inside and no lights.
6/15/2014 7:12 PM: No answer at door, no noise inside, no movement inside and no lights.
6/20/2014 12:02 PM: No answer at door, no noise inside, no movement inside and no lights. address confirmed by
neighbors.**

Person who performed diligence:
**Mario Pena
304 12th St Suite 4A, Oakland, CA 94607
510-832-0701**

I am a registered California process server
    Registration No.:     2013-0001280
    County:     San Francisco

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

Date: **6 / 20 / 20 14**

_____
**Mario Pena**
*(NAME OF PERSON WHO PERFORMED DILIGENCE)*

_____
*(SIGNATURE)*

BY FAX

REF: 13-04237

Tracking #:

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State, Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Nelson & Kennard<br>2180 Harvard St. #160<br>Sacramento, CA 95815<br>   TELEPHONE NO.: 916-920-2295     FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>   ATTORNEY FOR (Name): Discover Bank | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
   STREET ADDRESS: 400 McAllister Street, Room 103
   MAILING ADDRESS:
   CITY AND ZIP CODE: San Francisco 94102
   BRANCH NAME: Civic Center Courthouse

| PLAINTIFF/PETITIONER: Discover Bank | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Chalak, A Rahman; DOES 1 to 10 | CGC-13-534272 |

| DECLARATION OF MAILING | Ref. No. or File No.:<br>13-04237 |
|---|---|

The undersigned hereby declares: that I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

My business address is 2014 10th St., Sacramento, CA 95818.

That on **June 23, 2014**, after substituted service was made, I mailed the following documents: **Summons; Complaint; Civil Case Cover Sheet; VERIFICATION; DECLARATION PURSUANT TO CCP SECTION 395 (b) ; VENUE FOR PERSONAL, FAMILY OR HOUSEHOLD OBLIGATIONS; ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKET; Alternative Dispute Resolution (ADR) Packet** to the servee in this action by placing a true copy thereof enclosed in a sealed envelope with postage prepaid for first class mail and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in Sacramento, CA.

That I addressed the envelope as follows:

    **A Rahman Chalak**
    **538 36th Ave**
    **San Francisco, CA 94121-2608**

That I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct.

That I executed this declaration on _____ JUN 23 2014 , 20____ at Sacramento, CA.



Declarant: Esperanza Croft

REF: 13-04237

Tracking #: 0003869113

BY FAX